**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MICHAEL V.[1],**
                              **Plaintiff,**

**v.**
                                                      **20-CV-678-HKS**

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**
_____

**DECISION AND ORDER**

          Plaintiff, Michael V., brings this action pursuant to the Social Security Act

("the Act") seeking review of the final decision of Acting Commissioner of Social

Security (the "Commissioner"), which denied his applications for social security income

("SSI") and a period of disability and disability insurance benefits ("DIB") under Titles

XVI and II of the Act.  Dkt. No. 1.  This Court has jurisdiction over this action under 42

U.S.C. § 405(g) and the parties have consented to the disposition of this case by the

undersigned pursuant to 28 U.S.C. § 636(c).  Dkt. No. 9.


          Both parties have moved for judgment on the pleadings pursuant to

Federal Rule of Civil Procedure 12(c).  Dkt. Nos. 5, 6.  For the reasons that follow,

Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 5) is DENIED, and

Defendant's Motion for Judgment on the Pleadings (Dkt. No. 6) is GRANTED.

_____

[1] In accordance with Standing Order in November 2020, to better protect personal and medical information of non-governmental parties, this Decision and Order will identify plaintiff by first name and last initial.

1

## BACKGROUND

On September 25, 2016, Plaintiff protectively filed applications for DIB and SSI with the Social Security Administration ("SSA") alleging disability beginning on September 25, 2015, due to:  severe diverticulitis; inflammation; anxiety; depression; panic issues; and shortness of breath.  Tr.[2]  174-194, 204.  December 28, 2016, Plaintiff's claims were denied by the SSA and he requested review.  Tr.74-99, 120-21. On October 16, 2018, Plaintiff appeared with his attorney and testified, along with a vocational expert ("VE") before Administrative Law Judge, Brian Battles ("the ALJ").  Tr. 31-73.  On February 20, 2019, the ALJ issued a decision finding Plaintiff was not disabled within the meaning of the Act.  Tr. 7-25.  Plaintiff timely requested review of the ALJ's decision, which the Appeals Council denied on April 6, 2020. Tr. 1-6.  Thereafter, Plaintiff commenced this action seeking review of the Commissioner's final decision. Dkt. No. 1.

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a

---

[2] References to "Tr." are to the administrative record in this matter.  Dkt. No. 4.

mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law."  *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.     Disability Determination

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 404.1520(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments.  *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  20 C.F.R. § 404.1520(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform the alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ's decision analyzed Plaintiff's claim for benefits under the process described above.  As an initial matter, the ALJ concluded Plaintiff met the

insured status requirements of the Act through December 31, 2017.  Tr. 13.   At step

one, the ALJ found Plaintiff has not engaged in substantial gainful activity since

September 25, 2015, the alleged onset date.  *Id*.  At step two, the ALJ found Plaintiff

has the following severe impairments:  diverticulitis, fibromyalgia, arthritis, depressive

disorder, and anxiety disorder.  *Id*.  The ALJ also concluded that Plaintiff's sleep apnea,

foot pain, and hypertension were non-severe impairments.  *Id*.  At step three, the ALJ

concluded that Plaintiff's impairments, alone or in combination, did not meet or

medically equal any listings impairment.  Tr. 13-15.


Next, the ALJ determined Plaintiff retained the RFC to perform a limited

range of light work.[3] Tr. 15-19.  Specifically, Plaintiff can only occasionally balance,

stoop, kneel, crouch, and crawl or climb ramps and stairs.  Tr. 15.  Plaintiff can never

climb ladders, ropes, or scaffolds.  *Id.*  Plaintiff can never work in hazardous

environments such as at unprotected heights or around moving mechanical parts; and

must have ready access to a bathroom (in general proximity to the work area).  *Id.*  The

ALJ limited Plaintiff to unskilled, simple, routine, and repetitive tasks.  *Id.*  Lastly, the

ALJ concluded Plaintiff can work in a low-stress job (defined as making only occasional

decisions and tolerating only occasional changes in the work setting); and can tolerate

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of
objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in
this category when it requires a good deal of walking or standing, or when it involves sitting
most of the time with some pushing or pulling of arm or leg controls.  To be considered capable
of performing a full or wide range of light work, you must have the ability to do substantially all of
these activities.  If someone can do light work, we determine that he or she can also do
sedentary work, unless there are additional limiting factors such as loss of fine dexterity or
inability to sit for long periods of time.  20 C.F.R § 404.1567(b).

no more than occasional contact with supervisors, coworkers and the general public with respect to performing work-related duties.  *Id.*

At step four, the ALJ noted Plaintiff has no past relevant work.  Tr. 19.  At step five, the ALJ considered Plaintiff's age (48 on alleged disability date), education, work experience, RFC, and relied on the VE's testimony in concluding that there are jobs existing in significant numbers in the national economy that Plaintiff can perform. Tr. 19-20.  The ALJ identified the following jobs that Plaintiff could perform:  Mail Clerk, Marker, and Garment Sorter.  Tr. 20.  Accordingly, the ALJ determined that Plaintiff was not disabled under the Act from September 25, 2015 through February 20, 2019.  Tr. 20-21.

## II.    Analysis

Plaintiff argues the ALJ erred in evaluating the medical evidence in determining Plaintiff's RFC.  Dkt. No. Dkt. No. 5 at 7.  The Commissioner contends that the ALJ's decision is supported by substantial evidence.  Dkt. No. 6 at 6, 12.

Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ erred in relying on the opinion of consultative examiner Hongbiao Liu, M.D. ("Dr. Liu"), in support of the physical RFC and consultative examiner Janine Ippolito, PsyD. ("Dr. Ippolito") in support of the mental RFC.  Dt. No. 5 at 7.  The record does not contain any medical opinion evidence from any treating medical provider.

### A.  Physical RFC

On December 13, 2016, Dr. Liu performed a physical consultative examination of Plaintiff.  Tr. 357-60.  He diagnosed Plaintiff with arthritis, history of diverticulitis, anxiety, depression, and fibromyalgia.  Tr. 359-60.  The doctor opined Plaintiff has moderate to mild limitations for prolonged walking, bending, and kneeling. Tr. 360.  Upon examination, Plaintiff reported he could lift 15 pounds and walk three blocks.  Tr. 357.  Plaintiff also stated that he was capable of caring for himself independently, including cooking his own meals seven days a week, cleaning his home, shopping, showering, and dressing without assistance.  Tr. 358.  Dr. Liu noted Plaintiff appeared to be in no acute distress, noting Plaintiff's normal gait and stance; his ability to rise from a chair without difficulty; his lack of reliance on any assistive devices; his ability to change for the exam independently; and movement both on and off the exam table without any assistance.  *Id.*  However, the doctor also noted Plaintiff's moderate difficulty with walking on heels and toes due to low back pain and limited ability to squat (35 percent of full) also due to low back pain.  *Id.*  The doctor observed Plaintiff's lumbar spine showed flexion/extension 75 degrees, lateral flexion 20 degrees bilaterally, and rotary movement 20 degrees bilaterally.  Tr. 359.  Plaintiff also had a positive SLR test at 40 degrees bilaterally confirmed by supine and sitting position.  *Id.*  The doctor observed no abnormalities with Plaintiff's cervical spine and extremities.  *Id.*

The ALJ explained that he accorded Dr. Liu's opinion "significant weight", noting the mild to moderate limitations for prolonged walking, kneeling, and bending that the doctor assessed were consistent with Plaintiff's abdominal pain from his

diverticulitis, fibromyalgia, and arthritis.  Tr. 18.  The ALJ also found the limitations were consistent with Plaintiff's ongoing activity as a metal recycler.  *Id.*

Plaintiff argues that the ALJ erred on relying on Dr. Liu's opinion in support of the RFC because the doctor used the terms "mild", "moderate", and "prolonged" in describing Plaintiff's physical functional limitations without further defining the terms, rendering the opinion impermissibly vague.  Dkt. No. 5 at 7.  This Court disagrees with Plaintiff for the reasons discussed herein.

The Second Circuit has stated that a consultative examiner's report which concludes that a claimant's condition is "mild" or "moderate" without additional information does not permit an ALJ to infer that a claimant is capable of performing the exertional requirements of work, where such opinion was the only evidence supporting the ALJ's conclusion.  *Curry v. Apfel*, 209 F.3d 117, 123-124 (2d Cir. 2000) (*superseded by statute on other grounds as recognized in Douglass v. Astrue*, 496 F.App'x 154, 156 (2d Cir. 2012) (summary order).  However, this Court has held that the use of terms like "mild" and "moderate" does not *automatically* render an opinion void for vagueness; when the opinion is based on clinical findings and an examination of the claimant, the opinion can adequately inform the ALJ's ultimate conclusion.  *Dier v. Colvin*, 2014 WL2931400 at*4 (W.D.N.Y. June 27, 2014) (citing *Tudor v. Comm'r of Soc. Sec.*, 2013 WL 4500754, at *12 (E.D.N.Y. Aug. 21, 2013).

Plaintiff contends that the "moderate" limitations with prolonged walking that Dr. Liu assessed could erode the occupational base for light work.  Dkt. No. 5 at 7. Courts have found such descriptions of limitations by an examining physician sufficient to conclude that a claimant could perform light work as defined by the SSA.  *See Fullenweider-Harris obo Fullenweider v. Comm'r of Soc. Sec.*, 2020 WL 3440102, *6 (W.D.N.Y. June 23, 2020) (an examining physician's opinion that the claimant had "mild to moderate limitation for prolonged walking, bending, and kneeling" supported a finding of light work); see also Hazlewood v. Comm'r of Soc. Sec., 2013 WL 4039419, at *6-7 (N.D.N.Y. 2013) (affirming ALJ's determination that claimant could perform light work where supported by consultative examiner's opinion that claimant had only "mild limitations in carrying and sitting[ ] and mild to moderate limitations in walking, pushing, and pulling.")  The SSA has further explained that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10 1983 WL 31251, at *6.

Dr. Liu's examination notes also support the ALJ's assessment that Plaintiff is able to walk consistent with light work.  The doctor observed Plaintiff appeared to be in no acute distress, with normal stance and gait, and ability to move on and off the exam table without assistance.  *See Jeffrey M. v. Comm'r of Soc. Sec.*, 2020 WL 3637646, at *9-10 (N.D.N.Y. July 6, 2020) (holding that medical notes showing that claimant was in no acute distress, had normal gait, and did not need assistance getting off and on the exam table all supported the ALJ's assessment that the claimant was able to walk and move consistent with light work).  In reviewing the record, this Court

9

notes that elsewhere in his decision the ALJ noted Plaintiff's own statements that he regularly searched for scrap metal in his neighborhood, walked dogs and mowed lawns for income.  Tr. 16 (referencing Tr. 47, 53).  Furthermore, Plaintiff also reported to Dr. Liu upon examination that he could walk three blocks.  Tr. 357.  At the hearing, Plaintiff testified that he walked "about a block or two" from his house to convenience stores.  Tr. 42.  Lastly, this Court notes Plaintiff has not identified any medical record that supports a greater restriction as to walking.

Plaintiff also contends that remand is required because the ALJ failed to fully explain why he incorporated a limitation regarding bathroom breaks into the physical RFC.  Dkt. No. 5 at 9 (citing *Lowe v. Colvin*, 2016 WL 624922, at \*6-7 (W.D.N.Y. Feb. 17, 2016)).  Here, this Court notes that the ALJ did not incorporate "bathroom breaks" into the RFC, but rather assessed that Plaintiff must have ready access to a bathroom (in general proximity to the work area).  Tr. 15.

In *Lowe*, the record contained an opinion from a treating physician that focused on the claimant's gastrointestinal impairments (colitis, chronic abdominal pain, and IBS), and opined the claimant would need unlimited access to the bathroom and would have urgent and immediate need to use the bathroom due to these impairments. *Lowe*, 2016 WL 624922, at \*4.  The ALJ's RFC finding required that the claimant have "ready access to toilet facilities."  *Id*. at \*6.  The ALJ ultimately concluded that the claimant's need to use the bathroom would "generally be accommodated during breaks and the lunch period," and "because federal law requires that employers provide

employees reasonable access to the bathroom," the claimant's "need to have access to toilet facilities [did] not significantly erode the light occupational base. *Id.* The Court found the ALJ erred by failing to make specific findings regarding the frequency and length of bathroom breaks, especially because the ALJ's conclusion that the limitation did not erode the occupational base for light work was not based on a medical opinion or VE testimony. *Id.* at *7.

First, Plaintiff's reliance on *Lowe* is misplaced where the record in this matter contains no medical opinion evidence assessing Plaintiff with the need for additional bathroom access due to his diverticulitis. However, the ALJ discussed medical record evidence from Timothy Adams, M.D., ("Dr. Adams") regarding Plaintiff's diagnosis of diverticulitis, objective medical imaging (CT scans of the abdomen and pelvis), and treatment including surgery in 2017. Tr. 17 (referencing Exhibit 6F). The ALJ observed that Plaintiff reported he was doing well in post-surgical appointments through November 2017, with no complaints of abdominal pain, nausea, or diarrhea. *Id.* (referencing Exhibit 12F). Plaintiff also testified that his diverticulitis had been okay from 2016, until he started experiencing a flare-up a month before the administrative hearing in October 2018. Tr. 49. Plaintiff testified that as a result of his recent diverticulitis flare-up, he experienced constant bowel movements requiring him to make two or three return trips to the bathroom, then for a couple of days he will be fine, only to have the problem return a couple of days later. Tr. 50. The ALJ concluded that Plaintiff's statements regarding the intensity, persistence and limiting effects of the alleged

symptoms were not entirely consistent with the medical evidence and other evidence in the record.  Tr. 16.

Second, unlike the ALJ in *Lowe* the ALJ in this matter relied on testimony from the VE who considered the limitation regarding ready bathroom access and concluded that the limitation did not erode the occupational base for light work.  Tr. 64-65.

Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ.  *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).  Plaintiff has failed to marshal any record evidence that is inconsistent with the ALJ's assessment that Plaintiff must have ready access to a bathroom.  In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F.App'x 53, 56 (2d Cir. 2013).  An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision."  *Id.*  Accordingly, this Court finds that the ALJ's physical RFC finding is supported by substantial evidence, including Dr. Liu's opinion.

### B.  Mental RFC

Next, Plaintiff contends that the ALJ's mischaracterization of Dr. Ippolito's opinion constitutes reversible error.  Dkt. No. 5 at 9.  The Commissioner contends the ALJ's misquoting of a portion Dr. Ippolito's opinion is harmless error, where proper

consideration of the opinion would not change the outcome.  Dkt. No. 6 at 13.  (citing

Cottrell v. Colvin, 206 F. Supp. 3d 804, 810 (W.D.N.Y. 2016)

Dr. Ippolito examined Plaintiff on December 13, 2016.  Tr. 362-66.  Dr.

Ippolito opined Plaintiff could follow and understand simple directions and instructions,

perform simple tasks independently with no evidence of limitations, learn new tasks,

and maintain a regular schedule. Tr. 365.  The doctor also opined Plaintiff had mild

limitations with maintaining attention and concentration; and moderate limitations in

relating adequately with others, making appropriate decisions, and appropriately dealing

with stress (due to his emotional distress and current substance abuse).  *Id.* The doctor

diagnosed Plaintiff with generalized anxiety disorder with panic attacks, persistent

depressive disorder, cannabis use, and cocaine and hallucinogen abuse (in sustained

remission).  *Id.* Dr. Ippolito observed that the results of her evaluation of Plaintiff

appeared to be consistent with psychiatric and substance abuse problems, but noted

that the problems do not appear to be significant enough to interfere with Plaintiff's

ability to function on a daily basis.  *Id.*

In discussing the medical evidence regarding Plaintiff's mental

impairments, the ALJ inaccurately summarized Dr. Ippolito's opinion as indicating

Plaintiff had no more than mild non-exertional limitations.  Tr. 18.  The ALJ did not

correct or further clarify his misstatement when addressing the doctor's opinion,

explaining that he accorded her opinion "some weight".  *Id.*  Here, the ALJ noted that Dr.

Ippolito's opinion was based on an in-person examination of Plaintiff and, that as a

consultative examiner, Dr. Ippolito is familiar with the rules and the way in which severe impairments limit vocationally relevant functioning.  *Id.*  The ALJ found the doctor's opinion did not account for abnormalities in the mental status examination, including anxious affect, limitations in memory, and only fair judgment and insight.  *Id.*  Therefore, the ALJ explained he accorded only "some weight" to the opinion.  *Id.*

The Commissioner argues that while the ALJ failed to acknowledge the moderate limitations that Dr. Ippolito assessed regarding Plaintiff's ability to relate adequately with others, make appropriate decisions, and appropriately deal with stress (due to his emotional distress and current substance abuse); the ALJ ultimately incorporated these limitations in the RFC.  Dkt. No. 6 at 14.  This Court reviews each limitation and the corresponding RFC assessment in turn.

In his mental RFC determination, the ALJ limited Plaintiff to no more than occasional contact with supervisors, coworkers, and the general public with respect to performing work-related duties.  Tr. 15.  This Court finds that although the ALJ failed to explicitly reference Dr. Ippolito's opinion that Plaintiff would have moderate limitations in relating adequately with others, the error is harmless where the mental RFC clearly accommodates the limitations assessed.  The ALJ also limited Plaintiff to unskilled, simple, routine, and repetitive tasks; and specified Plaintiff can work in a low-stress job (defined as making only occasional decisions and tolerating only occasional changes in the work setting).  Tr. 15.  Again, this Court finds that the limitations that the ALJ assessed in the mental RFC clearly accommodate Dr. Ippolito's opinion that Plaintiff

would be moderately limited with appropriate decision making and in appropriately dealing with stress.  The ALJ's limitation of Plaintiff to unskilled, simple, routine, and repetitive tasks; with no more than occasional contact with supervisors, coworkers, and the general public with respect to performing work-related duties; and specification that Plaintiff can work in a low-stress job (defined as making only occasional decisions and tolerating only occasional changes in the work setting), accounts for the moderate limitations that Dr. Ippolito assessed.  *See, e.g., Lewis v. Commissioner of Social Security*, 2019 WL 3321896, at *5 (W.D.N.Y. July 24, 2019) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning, including stress."); *Reyes v. Colvin*, 2016 WL 56267, at *6 (W.D.N.Y. Jan. 5, 2016) (finding limitation to "simple work with only occasional interaction with the public, co-workers and supervisors" accounted for opinion that the claimant had "moderate limitations in the ability to perform complex tasks, mild limitation in making appropriate decisions, and moderate limitation in the ability to relate adequately with others and deal with stress").

Although the ALJ erred in evaluating Dr. Ippolito's opinion by failing to identify the moderate limitations she assessed for Plaintiff, this Court finds the error is harmless where it is clear that the ALJ incorporated the limitations for Plaintiff in the mental RFC.  *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (finding that remand for an error was not required when application of the correct legal principles could only lead to the same conclusion.)  Accordingly, this Court finds that remand for further consideration of Dr. Ippolito's opinion is not warranted.

**CONCLUSION**

For these reasons, Plaintiff's Motion for Judgment on the Pleadings (Dkt.

No. 5) is DENIED.  The Commissioner's Motion for Judgment on the Pleadings (Dkt.

No. 6) is GRANTED.  The Clerk of Court shall enter judgment and close this case.


**SO ORDERED.**


DATED:      Buffalo, New York
            September 24 , 2021


                        *s/ H. Kenneth Schroeder, Jr.*
                        **H. KENNETH SCHROEDER, JR.**
                        **United States Magistrate Judge**

16